■ VIGILANT INSURANCE COMPANY, Respondent, v CREDIT SUISSE FIRST BOSTON CORPORATION, Appellant. CREDIT SUISSE FIRST BOSTON CORPORATION, Appellant-Respondent, v VARIOUS UNDERWRITERS AT LLOYDS OF LONDON AND CERTAIN LONDON COMPANIES et al., Respondents-Appellants, and CONTINENTAL CASUALTY COMPANY et al., Respondents. [782 NYS2d 19]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered July 17, 2003, which granted plaintiff-counterclaim defendant's and additional counterclaim defendants' (collectively insurers) motions for summary judgment, declaring that defendant Credit Suisse First Boston Corporation (CSFB) is not entitled to coverage for that portion of its settlement with the Securities and Exchange Commission (SEC) and NASD Regulation, Inc. (NASDR) which required disgorgement of certain funds allegedly improperly obtained through violations of various securities regulations; and which granted so much of the cross motion of CSFB as sought coverage for the costs of defending the securities investigation which led to the settlement, and referred the matter to a Special Referee to hear and report with recommendations on the proper amount of such defense costs, unanimously modified, on the law, to the extent of denying that portion of CSFB's cross motion that sought coverage for the costs of defending the securities investigation, and otherwise affirmed, with separate bills of costs in favor of plaintiff-counterclaim defendant and each additional counterclaim defendant payable by defendant Credit Suisse First Boston Corporation.

The court properly held that CSFB could not recover through its insurers the amount of the settlement with the SEC and NASDR which represented the disgorgement of funds improperly acquired. The risk of being directed to return improperly acquired funds is not insurable. Restitution of ill-gotten funds does not constitute "damages" or a "loss" as those terms are used in insurance policies (see *Reliance Group Holdings, Inc. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 188 AD2d 47, 55 [1993], *lv dismissed in part and denied in part* 82 NY2d 704 [1993]; *Level 3 Communications, Inc. v Federal Ins. Co.*, 272

F3d 908, 911 [2001]). Although the final judgment directing the disgorgement here at issue was based on a settlement and not on an adjudication after trial that CSFB wrongfully obtained the funds, the final judgment expressly states that the money ordered disgorged was "obtained improperly by CSFB as a result of the conduct alleged in the Complaint," and CSFB executed a "Consent and Undertakings of CSFB to Final Judgment of Permanent Injunctive and Other Relief" with the SEC, and a "Letter of Acceptance, Waiver and Consent" with the NASDR, in which it agreed not to contest the allegations of the complaint.

The court improperly granted CSFB's cross motion for summary judgment on the issue of its entitlement to defense costs incurred by reason of the regulatory investigation. The policy defines defense costs as a component of "Loss," which "shall not include matters which are uninsurable under the law pursuant to which this coverage section of this policy shall be construed." As indicated, restitution of ill-gotten funds is not insurable under the law. Moreover, this is a no-duty-to-defend policy. While, under certain circumstances, the insurers must advance defense costs incurred by the insured in connection with a claim, the insured is obligated to repay such advance payments upon a finding that it is not entitled "to payment of such Loss." Thus, defense costs are only recoverable for covered claims (*see e.g. Stonewall Ins. Co. v Asbestos Claims Mgt. Corp.*, 73 F3d 1178, 1219 [1995]; *In re Kenai Corp.*, 136 BR 59, 64 [SD NY 1992]). Concur—Saxe, J.P., Ellerin, Williams, Lerner and Sweeny, JJ.