■ WESTPOINT INTERNATIONAL, INC., et al., Respondents, v AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY, Appellant. [899 NYS2d 8]—

Order, Supreme Court, New York County (Emily Jane Good-

man, J.), entered July 17, 2009, which, insofar as appealed from, denied defendant's motion to dismiss the complaint, unanimously affirmed, with costs.

Although the underlying complaint contains some causes of action that are arguably subject to the insurance policy's "contract liability" exclusion, it alleges, in addition to a single cause of action for breach of contract, several causes of action sounding in tort and alleging statutory violations. Thus, defendant failed to demonstrate that the allegations cast the underlying complaint wholly within the exclusion, that no other reasonable interpretation of the exclusion is possible, and that no legal or factual basis exists that would potentially obligate defendant to indemnify plaintiffs (*see Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169, 175 [1997]).

We reject defendant's apparent argument, based on *Maroney v New York Cent. Mut. Fire Ins. Co.* (5 NY3d 467, 472 [2005]), that the term "arising out of" in the contract liability exclusion is so broad as to comprehend any loss with even the slightest "causal relationship" to a breach of contract and that each cause of action in the underlying complaint stands in such a relationship to a breach of contract and is therefore excluded from coverage. *Maroney* is inapposite here, where, in addition to the contract claims, tort and statutory claims are asserted. An insurer has a duty to defend so long as there is any possibility of coverage under the policy, and here the possibility of coverage has not been eliminated (*see Frontier Insulation Contrs.*, 91 NY2d at 175).

Nor is there any merit to defendant's argument that, because the policy defines "Claim" to mean lawsuit, rather than cause of action, the determination of whether the exclusion applies must be based not on separate causes of action but on the complaint as a whole. This is an unduly rigid construction of the term "[c]laim" in light of the realities of litigation, as well as "a strained, implausible reading of the complaint that is linguistically conceivable but tortured and unreasonable" (*Northville Indus. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 89 NY2d 621, 635 [1997] [internal quotation marks and citation omitted]). In any event, the thrust of the underlying action is not plaintiffs' breaches of the various contracts at issue, but their marginalizing of the underlying plaintiff lenders' shareholder rights and devaluing of their collateral, which actions give rise primarily to the tort and statutory claims asserted in the action and which would provide a basis for the action even in the absence of the agreements.

Although defendant makes much of it, the fact that the policy

is not a "duty to defend" policy is not dispositive here (*see Federal Ins. Co. v Kozlowski*, 18 AD3d 33, 41-42 [2005]), since the policy expressly requires defendant to *advance* defense costs, subject to recoupment of any amounts advanced for claims ultimately determined not to be covered. Having failed to demonstrate that there is no possibility of coverage, defendant cannot avoid its obligation to advance defense costs (*see e.g. Vigilant Ins. Co. v Credit Suisse First Boston Corp.*, 10 AD3d 528, 529 [2004]; *Stonewall Ins. Co. v Asbestos Claims Mgt. Corp.*, 73 F3d 1178, 1219 [2d Cir 1995]). Concur—Mazzarelli, J.P., Friedman, DeGrasse, Abdus-Salaam and Manzanet-Daniels, JJ.
**[Prior Case History: 2009 NY Slip Op 31577(U).]**