■ LIFELOCK, INC., Appellant, v CERTAIN UNDERWRITERS AT LLOYD'S, Respondent. [45 NYS3d 78]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered November 19, 2015, which, to the extent appealed from, granted defendant's motion to dismiss counts one and two of the complaint, unanimously affirmed, with costs.

The insurance policy issued to plaintiff by defendant excludes from coverage claims "[a]rising out of any related or continuing acts, . . . where the first such act . . . was committed . . . prior to the Retroactive Date" (exclusion L). The policy shows January 8, 2008 as the retroactive date. In the underlying action, for which plaintiff seeks defense and indemnification from defendant, six of the eight causes of action are expressly based on allegations of acts performed before 2008, and the remaining two specifically incorporate those allegations. Thus, the underlying complaint in its entirety falls within exclusion L (*see Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006]; *see also Albert J. Schiff Assoc. v Flack*, 73 AD2d 329, 332-333 [1st Dept 1980], *affd* 51 NY2d 692 [1980]). It also falls in its entirety within exclusion I, which excludes coverage for claims arising out of or resulting from unfair trade practices.

It is not necessary to reach defendant's contention that the complaint is untimely. Concur—Acosta, J.P., Mazzarelli, Manzanet-Daniels, Webber and Gesmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYREL COLBERT, Appellant. [44 NYS3d 738]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Laura Ward, J.), rendered November 24, 2014, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Acosta, J.P., Mazzarelli, Manzanet-Daniels, Webber and Gesmer, JJ.