Alvarez v XL Specialty Ins. Co. (2022 NY Slip Op 01096)





Alvarez v XL Specialty Ins. Co.


2022 NY Slip Op 01096


Decided on February 17, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 17, 2022

Before: Manzanet-Daniels, J.P., Gische, Mazzarelli, Friedman, Mendez, JJ. 


Index No. 655391/19 Appeal No. 15329 Case No. 2021-02975 

[*1]Cesar Alvarez et al., Plaintiffs-Respondents,
v
XL Specialty Insurance Company, Defendant-Appellant, QBE Insurance Corporation, Defendant.


Skarzynski Marick & Black LLP, New York (Alexis J. Rogoski of counsel), for appellant.
Sullivan & Cromwell LLP, New York (Brian D. Glueckstein of counsel), for respondents.



Order, Supreme Court, New York County (Andrea Masley, J.), entered July 13, 2021, which granted plaintiffs' motion for summary judgment against XL Specialty Insurance Company (XL) and adjudged that plaintiffs had a right to coverage for certain claims against them in the underlying action, pursuant to a 2017-2024 policy issued by XL, except for those claims arising from the Seritage transaction, which had been made within a prior 2015-2016 policy, unanimously affirmed, without costs.
Insurance policy exclusions "are given a strict and narrow construction" (Belt Painting Corp. v TIG Ins. Co., 100 NY2d 377, 383 [2003]). The prior notice exclusion at issue here, as amended, only applies to those portions of the "Claim" that were the subject of a prior notice. Thus, rather than excluding coverage for the entire underlying lawsuit, the court properly assessed which causes of action were the subject of a prior notice, and therefore subject to the exclusion. In any event, we find XL's proposed interpretation of the exclusion to be unreasonable (see Westpoint Intl., Inc. v American Intl. S. Ins. Co., 71 AD3d 561, 562 [1st Dept 2010]; see also Darwin Natl. Assur. Co. v Westport Ins. Corp., 2015 WL 1475887, *12, 2015 US Dist LEXIS 42550, *34 [ED NY, March 31, 2015, 13-CV-02076]).
The court also properly determined that only the causes of action arising out of the Seritage transaction were excluded, as the claims arising out of the Lands End spinoff and the related party loans did not share a sufficient factual nexus with those raised in the prior lawsuit (see generally Quanta Lines Ins. Co. v Investors Capital Corp., 2009 WL 4884096, *14, 2009 US Dist LEXIS 117689, *38-39 [SD NY, Dec 17, 2009, No. 06-CV-4624], affd 403 Fed Appx 530 [2d Cir 2010]). Those two transactions were factually and legally distinct from the Seritage transaction and were temporally separate. The allegations in the underlying complaint, that all three transactions were part of a larger scheme to strip Sears of its valuable assets, was insufficient to enmesh otherwise distinct claims (see Home Ins. Co. v Spectrum Info. Techs., 930 F Supp 825, 850-851 [ED NY 1996]).
We have considered XL's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2022