## Hofstra Univ., St. v United Educators

2025 NY Slip Op 30744(U)

March 5, 2025

Supreme Court, New York County

Docket Number: Index No. 653697/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. LYLE E. FRANK**                  PART                11M

*Justice*

-----------------------------------------------------------------------------X

HOFSTRA UNIVERSITY, ST. JOHN'S UNIVERSITY

                  Plaintiff,

- v -

UNITED EDUCATORS,

                  Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 653697/2024 |
| MOTION DATE | 09/13/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62

were read on this motion to/for                  DISMISS            .

     Upon the foregoing documents, defendant's motion is denied.

## Background

     In early 2020, due to the COVID-19 pandemic, many universities decided to switch to an online mode of education. Among them were Hofstra University and St. John's University (collectively, the "Plaintiffs"). As a result of the COVID-19 disruptions to their education, several students filed class action lawsuits against Plaintiffs. For both Plaintiffs, there were multiple class action lawsuits filed in federal court which were consolidated, dismissed for lack of jurisdiction, and then refiled in state court. The respective state court actions are currently ongoing and are in the early stages of the litigation process. Both Plaintiffs timely notified United Educators ("Defendant") of the lawsuits, a reciprocal risk retention group who had issued insurance policies to Plaintiffs. Defendant denied both Plaintiffs' requests for defense and indemnification, prompting Plaintiffs to bring this underlying suit. Plaintiffs seek declarations that Defendant must defend and indemnify them in the class actions lawsuits, that Defendant

**653697/2024   HOFSTRA UNIVERSITY ET AL vs. UNITED EDUCATORS**
**Motion No.  001**

Page 1 of 7

1 of 7

[* 1]

breached their obligations by failing to do so, and damages resulting from said alleged breach. Defendant brings the present motion to dismiss.

**Standard of Review**

It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the plaintiff the benefit of every possible inference." *Avgush v. Town of Yorktown*, 303 A.D.2d 340 (2d Dept. 2003). Dismissal of the complaint is warranted "if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v. Chipotle Mexican Grill, Inc*, 29 N.Y.3d 137, 142 (2017).

CPLR § 3211(a)(1) allows for a complaint to be dismissed if there is a "defense founded upon documentary evidence." Dismissal is only warranted under this provision if "the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law." *Leon v. Martinez,* 84 N.Y.2d 83, 88 (1994).

A party may move for a judgment from the court dismissing causes of action asserted against them based on the fact that the pleading fails to state a cause of action. CPLR § 3211(a)(7). For motions to dismiss under this provision, "[i]nitially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law." *Guggenheimer v. Ginzburg*, 43 N.Y. 2d 268, 275 (1977).

**Discussion**

Defendant moves to dismiss the complaint on three grounds: 1) that the funds exclusion provision of the policies at issue bar claims that seek reimbursement of tuition and fees; 2) that

**653697/2024   HOFSTRA UNIVERSITY ET AL vs. UNITED EDUCATORS**
**Motion No.  001**

Page 2 of 7

2 of 7

the restitution demands in the class action suits are not covered as 'Damages' under the policy terms; and 3) that New York law holds that restitution and disgorgement damages are uninsurable. Plaintiffs oppose.

An insurer's duty to defend is broader than the duty to indemnify and is liberally construed "without regard to the insurer's ultimate likelihood of prevailing on the merits of a claim." *Fieldston*, at 264. When an insurer relies on an exclusion clause to deny coverage, they bear the burden of demonstrating that "the allegations of the complaint can be interpreted only to exclude coverage." *Town of Massena v. Healthcare Underwriters Mut. Ins. Co.*, 98 N.Y.2d 435, 444 (2002). But the duty to defend is not present where "as a matter of law, there is no basis on which the insurer may be held liable for indemnification." *Rock Group NY Corp. v. Certain Underwriters at Lloyd's, London*, 226 A.D.3d 526, 526-27 (1st Dept. 2024). Therefore, on a motion to dismiss standard, the issue becomes whether there is any basis on which Defendant might be held liable for indemnification in the class action suits. For the reasons that follow, the motion to dismiss is denied as the class action suits seek damages beyond tuition and fees that fall under the scope of the duty to defend.

*The Policy Language Excludes Tuition Refund Coverage But Does Not Exclude Duty to Defend*

*Coverage for All The Claims in the Class Action Suits*

Defendant points to the language of Exclusion 15.q in the relevant policies, which states that Defendant is not liable for any loss related to or arising out of "any demand for the return of funds" and argues that this means that there is no duty to defend. Plaintiffs argue that the Exclusion 15.q provision should be read in harmony with other provisions that expressly afford coverage for claims stemming from an alleged failure to provide educational services to students. They also argue that the class action suits have claims for damages that are independent from

**653697/2024   HOFSTRA UNIVERSITY ET AL vs. UNITED EDUCATORS**
**Motion No.  001**

**Page 3 of 7**

3 of 7

tuition and fees, and therefore would extend beyond solely a demand for return of funds. When interpreting the language of an insurance policy, a court must "give effect to the policy as a whole, and harmonize the otherwise conflicting provisions of the coverage and exclusion portions." *Continental Casualty Co. v. Rapid-American Corp.*, 177 A.D.2d 61, 70 (1st Dept. 1992). If the "plain language of the policy is determinative", the court must not disregard that language. *Fieldston Prop. Owners Assn., Inc. v. Hermitage Ins. Co., Inc.*, 16 N.Y.3d 257, 264 (2011).

The first issue is whether "funds" includes tuition and fees. On its face, the word 'funds' would logically include financial contributions such as tuition and fees paid by the student. Plaintiffs argue that Defendant should have explicitly included tuition and fees in the definition of funds. But the Court of Appeals has explained that "[t]here are often many ways of effectively conveying the same meaning and the question is not simply whether the insurer could have phrased the provision differently" but instead is "whether the provision, as written, is sufficiently clear and precise that there is no room for *reasonable* disagreement about the scope of coverage." *Federal Ins. Co. v. International Bus. Machs. Corp.*, 18 N.Y.3d 642, 650 (2012) (emphasis in original). Here, the word 'funds' is sufficiently clear on its face as to include the monetary sums paid by students in the form of tuition and fees.

Plaintiff also argues that other provisions in the policies, when read in tandem with Exclusion 15.q, do not bar claims for reimbursement of tuition and fees. Exclusion 15.k states that the breach of contract exclusion specifically excludes the recovery of damages for the breach of a contract with a student for educational services. But the definition of damages in the policy specifically excludes "the value of tuition or scholarships." By the plain language of the policy, a

**653697/2024   HOFSTRA UNIVERSITY ET AL vs. UNITED EDUCATORS**
**Motion No.  001**

**Page 4 of 7**

4 of 7

claim for the reimbursement of tuition based on the breach of a contract with a student for educational services would not be covered.

But here, the class action lawsuits are clearly seeking damages beyond simply a return of tuition and fees already paid. The prayer for relief in the current state court action against Hofstra requests "compensatory, punitive, and/or statutory damages in amounts to be determined", "injunctive relief and restitution as permitted by law or equity", and "such other and further relief as the Court deems just and proper." The current state court class action against St. John's requests "monetary damages, including damages" and "such other and further relief as the Court may deem just and proper." In *Doyle*, the Court of Appeals held that an insurer had a duty to defend when an underlying lawsuit sought equitable damages, because there was the possibility of the court awarding damages that would fall under the scope of the policy. *Doyle v. Allstate Ins. Co.*, 1 N.Y.2d 439, 443 (1956); *see also Martell v. North River Ins. Co.*, 107 A.D.2d 948, 950 (3rd Dept. 1985). Because these claims on their face contemplate damages beyond simply the return of tuition and fees, to dismiss the claims in the present lawsuit on the grounds of Exclusion 15.q would be premature.

Furthermore, despite Defendant's contention that the extent of damages that they would be required to indemnify would be minor is likewise premature and does not establish grounds for dismissal. The extent of a party's indemnification is determined after the resolution of the relevant underlying action. *Harleysville Ins. Co. v. United Fire Protection, Inc.*, 227 A.D.3d 499, 500 (1st Dept. 2024). Here, because the claims in the class action suits are broad enough to fall under the duty to defend coverage, as explained above, the amount that Defendant would be obligated to indemnify at the conclusion of the suits does not impact this motion to dismiss. Any allocation discussion would be premature at this stage.

**653697/2024   HOFSTRA UNIVERSITY ET AL vs. UNITED EDUCATORS**
**Motion No.  001**

**Page 5 of 7**

5 of 7

*Reimbursement and/or Disgorgement Does Not Apply Here*

Defendant also argues that the class action suits are seeking to disgorge monies that were wrongfully acquired or retained and that such actions are not insurable under New York law. Plaintiffs argue that for a disgorgement action to be non-coverable under this policy, the amounts requested to be returned must have been ill-gotten or improperly obtained, neither of which is alleged in the class action suits. It is well-established in New York law that "one may not insure against the risk of being ordered to return money or property that has been wrongfully acquired." *Reliance Group Holdings, Inc. v. Nat'l Union Fire Ins. Co.*, 188 A.D.2d 47, 55 (1st Dept. 1993); *see also Vigilant Ins. Co. v. Credit Suisse First Boston Corp.*, 10 A.D.3d 528, 528 (1st Dept. 2004) (holding that the "risk of being directed to return improperly acquired funds is not insurable"). The word 'acquired' is key here. The Court of Appeals has held that the insurance bar for disgorgement requires "ill-gotten gains" and "improperly acquired profits", in keeping with the narrow public policy of preventing the unjust enrichment of those who wrongfully acquire funds. *J.P. Morgan Sec. Inc. v. Vigilant Ins. Co.*, 21 N.Y.3d 324, 337 (2013). Here, there is no allegation that the damages sought in the underlying class action lawsuits were wrongfully acquired. The class action suits do not fit the classic disgorgement fact pattern that New York law finds to be uninsurable, nor do they fall under the spirit of the public policy exception. The non-insurability of improperly acquired funds does not present grounds for dismissal of this complaint. Accordingly, it is hereby

ADJUDGED that the defendant's motion to dismiss is denied.

**653697/2024   HOFSTRA UNIVERSITY ET AL vs. UNITED EDUCATORS**
**Motion No.  001**

**Page 6 of 7**

6 of 7

[* 6]

20250305101644LFRANKE92B444AFA66425BA15BB888034E3023

**3/5/2025**
**DATE**

**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**653697/2024   HOFSTRA UNIVERSITY ET AL vs. UNITED EDUCATORS**
**Motion No.  001**

Page 7 of 7