Certain Underwriters at Lloyds v Nu Ride, Inc.
2026 NY Slip Op 03627
June 9, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Certain Underwriters at Lloyds, et al., Plaintiffs-Respondents,
v
Nu Ride, Inc., Formerly Known as Lordstown Motors Corp., Defendant-Appellant.

Decided and Entered: June 09, 2026
Index No. 659668/24|Appeal No. 6849|Case No. 2025-06184|
Before: Webber, J.P., Gesmer, Mendez, Rodriguez, Hagler, JJ.

Brown Rudnick LLP, New York (Daniel J. Healy of counsel), for appellant.
Day Pitney LLP, New York (John W. Cerreta of counsel), for respondents.

[*1]
Order, Supreme Court, New York County (Melissa A. Crane, J.), entered August 28, 2025, which granted plaintiffs' motion for summary judgment declaring that it had no duty to defend, indemnify, or advance defense costs on behalf of defendant in the underlying actions, and denied defendant's motion for summary judgment declaring that plaintiffs had a duty to defend, unanimously modified, on the law, to deny plaintiffs' motion to the extent they sought a declaration that they are not required to advance defense costs to defendant, and to grant defendant's motion to the extent of declaring that plaintiffs must advance defense costs for the underlying actions and with regard to the SEC subpoena issued to Julio Rodriguez, and otherwise affirmed, without costs.
Plaintiffs issued defendant a claims-made Directors and Officers Liability and Company Liability Insurance policy in effect from October 23, 2020, to October 23, 2021. The policy contained a Retroactive Date Exclusion, which excludes coverage for any claim that arose out of (1) wrongful acts occurring before the policy's effective date, or (2) conduct or wrongful acts that occurred during the policy's effective date but, either together with acts occurring before the policy date, constitute interrelated wrongful acts or have a common nexus with acts occurring before the policy date.
In a series of underlying actions filed after the policy was issued, multiple parties asserted causes of action against defendant and certain of its directors and officers, largely premised on alleged misrepresentations made regarding the status of orders for defendant's vehicles. The complaints alleged that the defendants in the underlying actions made those misrepresentations both before and after the date plaintiffs' policy was issued. The complaints, however, also alleged certain wrongful acts that necessarily took place after the policy was issued, such as claims involving insider trading. Other allegations concerned actions or statements that were made during the policy period and were separate from the statements about orders. For example, the complaints alleged that defendant concealed testing failures in January 2021, which, had they been reported, would have revealed that defendant could not meet its expected production goals as represented. The complaints also alleged that certain of defendant's directors and officers had mismanaged defendant and were unjustly enriched by lucrative salary and bonuses made possible by the alleged misrepresentations.
Plaintiffs ultimately denied coverage for the underlying claims, relying on the Retroactive Date Exclusion to conclude that the actions were based on factual allegations arising out of conduct undertaken in whole or in part before the policy commencement date.
[*2]
This Court has found that a prior notice exclusion applies only to "those portions of the 'Claim' that were the subject of a prior notice" (Alvarez v XL Specialty Ins. Co., 202 AD3d 566, 566-567 [1st Dept 2022], lv denied 38 NY3d 910 [2022]). Thus, we found in that case that Supreme Court properly assessed "which causes of action were the subject of a prior notice, and therefore subject to the exclusion," rather than excluding coverage for an entire underlying lawsuit (id. at 566-567). In other words, the court must review the underlying pleadings on a claim-by-claim basis to assess which allegations trigger the exclusion and, consequently, which causes of action, if any, may remain (see Westpoint Intl., Inc. v American Intl. S. Ins. Co., 71 AD3d 561, 562 [1st Dept 2010]).
A prior acts exclusion such as the one involved in this action may warrant a complete denial of coverage if all of the causes of action arise out of or necessarily rely upon excluded acts that took place before the commencement date (see e.g. Lifelock, Inc. v Certain Underwriters at Lloyd's, 146 AD3d 565, 565 [1st Dept 2017]; see also County of Dutchess v Argonaut Ins. Co., 150 AD3d 672, 674 [2d Dept 2017]). But even where many of the alleged acts may fall within the exclusion, the insurer may obtain summary judgment only if it establishes that all the otherwise covered causes of action cannot exist but for the excluded acts (see Xerox Corp. v Travelers Cas. & Sur. Co. of Am., 225 AD3d 510, 514 [1st Dept 2024]; Sacks and Sacks v Home Ins. Co., 198 AD2d 139, 139 [1st Dept 1993], lv denied 83 NY2d 752 [1994]).
Plaintiffs failed to sustain this burden. Although plaintiffs have identified acts alleged in the underlying complaints and in the SEC investigation that potentially fall within the exclusion, plaintiffs have not established that each cause of action is barred by the exclusion. Rather, they rely on the complaints as a whole (see Westpoint Intl., 71 AD3d at 562). Indeed, based on our own review of the underlying complaints, we find that they contain causes of action that may be viable even in the absence of the excluded acts. Accordingly, the court should have concluded that defendants were entitled to their defense costs (see Xerox Corp., 225 AD3d at 514).
As for the subpoena issued to Rodriguez during the policy period, nothing within it stated that it was limited to conduct occurring before the policy's inception (see Fitzpatrick v American Honda Motor Co., 78 NY2d 61, 65 [1991]). Even assuming plaintiffs are correct that the Retroactive Date Exclusion would have barred coverage based on a 2024 SEC order, the fact that plaintiffs ultimately may not have a duty to indemnify does not relieve them of the duty to advance defense costs (id.).
[*3]
However, plaintiffs established that it properly disclaimed coverage for defendant, rather than for its executives, with respect to the SEC document subpoenas. Based on the language of the policy, the subpoenas would not qualify as a securities claim because they were directed only at defendant — that is, "the Company" — not the "Insured Persons andthe Company."
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 9, 2026